UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STATE OF TENNESSEE ex rel. HERBERT H.
SLATERY III, in his official capacity as the
Attorney General and Reporter of Tennessee and
ROBERT J. MARTINEAU, JR., Commissioner of
the Tennessee Department of Environment and
Conservation,

                Plaintiffs,

   and                                           No. _____

TENNESSEE CLEAN WATER NETWORK and
TENNESSEE SCENIC RIVERS ASSOCIATION,

                Plaintiff-Intervenors,

   v.

TENNESSEE VALLEY AUTHORITY,

               Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1442 and 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Defendant Tennessee Valley Authority ("TVA") hereby submits for filing this Notice of Removal of this civil action from the Chancery Court of Tennessee for the Twentieth Judicial District at Davidson County, and respectfully shows as follows.

      1.      TVA is a defendant in a civil action, Case No. 15-23-IV, now pending in State court, the Chancery Court of Tennessee for the Twentieth Judicial District at Davidson County, wherein the State of Tennessee ex rel. Herbert H. Slatery III, in his official capacity as the Attorney General and Reporter of Tennessee, and Robert J. Martineau, Jr., Commissioner of the

1

Tennessee Department of Environment and Conservation, are the Plaintiffs, and Tennessee Clean Water Network and Tennessee Scenic Rivers Association are the Plaintiff-Intervenors.

2. In accordance with 28 U.S.C. § 1446(a), an indexed compilation of all process, pleadings, and orders that have been served upon TVA in this civil action are being filed as Attachment 1 to this Notice.[1]

3. In this civil action, Plaintiffs and Plaintiff-Intervenors seek a permanent injunction against TVA and the assessment of monetary civil penalties based on alleged violations of the Tennessee Water Quality Control Act of 1977 ("TWQCA"), Tenn. Code Ann. §§ 69-3-101 et seq.; the Tennessee Solid Waste Disposal Act ("TSWDA"), Tenn. Code Ann. §§ 68-211-101 et seq.; and National Pollutant Discharge Elimination System ("NPDES") permit No. TN0005428 ("the Permit") reissued to TVA's Gallatin Fossil Plant in 2012 by the Tennessee Department of Environment and Conservation ("TDEC") pursuant to the Federal Water Pollution Control Act, also known as the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 et seq., and the TWQCA.

4. Plaintiffs initiated this civil action by filing a Verified Complaint against TVA in State court on January 7, 2015, and TVA received a copy of the Verified Complaint through service or otherwise on January 8, 2015. A copy of Plaintiffs' Verified Complaint is included in Attachment 1.

5. TVA is a constitutionally-authorized executive branch corporate agency and instrumentality of the United States created by and existing pursuant to the Tennessee Valley Authority Act of 1933 ("TVA Act"), *as amended*, 16 U.S.C. §§ 831-831ee (2012).

---

[1] Also included in Attachment 1 are other State court filings pertinent to this Notice of Removal.

6.  Federal law, 28 U.S.C. § 1442(a)(1), authorizes removal of any civil action commenced against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof for or relating to any act under color of such office. *See City of Cookeville v. Upper Cumberland Membership Corp.*, 484 F.3d 380, 389 & n.5 (6th Cir. 2007) ("[T]he text and legislative history of § 1442(a)(1) demonstrate that any federal agency sued can always remove under § 1442(a)(1)[.]") .

7.  Accordingly, pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446(b), this civil action initially was removable within 30 days after receipt by TVA of the Verified Complaint.

8.  On February 25, 2015, the State court entered an Agreed Order allowing Tennessee Scenic Rivers Association and the Tennessee Clean Water Network to intervene in this civil action.

9.  On February 27, 2015, Plaintiff-Intervenors filed the Complaint in Intervention. A copy of the Complaint in Intervention is included in Attachment 1.

10. On June 30, 2017, TVA moved for leave to file Amended Answers to the Verified Complaint and the Complaint in Intervention.

11. On July 13, 2017, Plaintiffs moved the State court pursuant to Tennessee Rule of Civil Procedure 15 for leave to file an Amended Verified Complaint adding new "facts, claims, and causes of action." Copies of Plaintiffs' motion to amend the Verified Complaint and Plaintiffs' accompanying brief filed in support of that motion are included in Attachment 1.

12. On July 25, 2017, the State court entered an Order holding in abeyance TVA's motion for leave to file Amended Answers to the Verified Complaint and the Complaint in

Intervention until after resolution of Plaintiffs' motion to amend the Verified Complaint. A copy of the State court's July 25, 2017 Order is included in Attachment 1.

13. On August 2, 2017, the State court entered an Order granting Plaintiffs' motion to amend the Verified Complaint and granting TVA's motion to file an Amended Answer to the Complaint in Intervention. A copy of the State court's August 2, 2017 Order is included in Attachment 1.

14. On August 2, 2017, Plaintiffs' Amended Verified Complaint was filed with the State court, and Plaintiffs' counsel provided TVA with an as-filed copy of the Amended Verified Complaint. A copy of the August 2, 2017 email from Plaintiffs' counsel transmitting the as-filed copy of the Amended Verified Complaint and a copy of the As-Filed Amended Verified Complaint are included in Attachment 1.

15. Under the revival exception to 28 U.S.C. § 1446(b), TVA's right to remove this civil action pursuant to 28 U.S.C. § 1442(a)(1) was revived by the filing of Plaintiffs' Amended Verified Complaint on August 2, 2017. *Cliett v. Scott*, 233 F.2d 269, 271 & n.2 (5th Cir. 1956) ("[T]he authorities are overwhelming that, though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed."); *Hearst Corp. v. Shopping Ctr. Network, Inc.*, 307 F. Supp. 551, 555 (S.D.N.Y. 1969) ("Thus, while the defendants in the instant case apparently consented to the jurisdiction of the state court over the six causes of action included in the original complaint, ***when plaintiff voluntarily amended its complaint to include an entirely new seventh cause of action the defendants' right to remove revived.***") (emphasis added) (citing *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956)).

16. Because Plaintiffs' Amended Verified Complaint adding new "facts, claims, and causes of action" is "against or directed to" an agency of the United States, it is removable to this Court pursuant to 28 U.S.C. § 1442(a)(1). *See City of Cookeville v. Upper Cumberland Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007). Further, TVA has federal defenses to many of Plaintiffs' claims. For example, the Sixth Circuit has held "that a state may not subject a federal agency to the requirements of its discharge permit program when the pollution complained of does not result from the discharge of pollutants from a point source." *United States ex rel. TVA v. Tennessee Water Quality Control Bd.*, 717 F.2d 992, 999–1000 (6th Cir. 1983); *see also Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180 & n.1 (1988) ("[B]ecause the Supremacy Clause immunizes the activities of the Federal Government from state interference, direct state regulation of federal facilities is allowed only to the extent that Congress has clearly authorized such regulation.") (internal citation omitted); *Com. of Kentucky ex rel. Hancock v. Ruckelshaus*, 497 F.2d 1172, 1176 (6th Cir. 1974) ("In the absence of a clear congressional purpose to subject federal agencies [TVA] to state regulation, the district court was prevented by the Supremacy Clause from granting the injunctive relief sought by the plaintiff.), *aff'd sub nom. Hancock v. Train*, 426 U.S. 167 (1976).

17. This Notice of Removal is being submitted for filing within 30 days of receipt by TVA through service or otherwise of the Amended Verified Complaint (filed on August 2, 2017) and, therefore, is timely and proper under the revival exception to 28 U.S.C. § 1446(b).

18. In accordance with 28 U.S.C. § 1446(d) and as shown by the Certificate of Filing and Service being submitted herewith as Attachment 2, notice of the removal of this civil action was effected on August 10, 2017, by (1) mailing copies of this Notice and said certificate to counsel for all parties who have appeared thereby notifying them of the filing of this Notice and

the removal of this action; and (2) by causing copies of this Notice and said certificate to be filed with the Clerk and Master of the Chancery Court of Tennessee for the Twentieth Judicial District at Davidson County.

  WHEREFORE, TVA prays that this action be removed from State court to this Court as provided by law.

Respectfully submitted,

*s/David D. Ayliffe*
James S. Chase (BPR 020578)
Associate General Counsel
David D. Ayliffe (BPR 024297)
F. Regina Koho (BPR 029261)
Lane E. McCarty (BPR 028340)
TVA GENERAL COUNSEL'S OFFICE
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.8964
ddayliffe@tva.gov

Attorneys for Tennessee Valley Authority

48035008