# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE ex rel. HERBERT H. SLATERY III, in his official capacity as the Attorney General and Reporter of Tennessee and ROBERT J. MARTINEAU, JR., Commissioner of the Tennessee Department of Environment and Conservation, <br><br> Plaintiffs, <br><br> and <br><br> TENNESSEE CLEAN WATER NETWORK and TENNESSEE SCENIC RIVERS ASSOCIATION, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> TENNESSEE VALLEY AUTHORITY, <br><br> Defendant. | NO. 3:17-cv-01139 <br> CHIEF JUDGE CRENSHAW |

## MEMORANDUM OPINION

This matter is before the Court on the "emergency motion" of the Tennessee Valley Authority ("TVA") to stay execution of the Court's remand Order or, in the alternative, to alter or amend the remand Order under Federal Rule of Civil Procedure 59(e). (Doc. No. 29.) Plaintiffs (collectively, the "State") have filed an opposition (Doc. No. 36) that Plaintiff-Intervenors ("Citizens Groups") have joined (Doc. No. 37). The Court will deny the motion.

On May 14, 2018, the Court entered a Memorandum Opinion granting the State's and Citizens Groups' motions to remand.[1] (Doc. Nos. 27, 28.) The Court concluded:

> The initial complaint fairly apprised the TVA of the nature of this litigation. The TVA consented to have the case tried in the state courts by not timely seeking removal. To allow revival of the right to remove based on the amended complaint would undercut the 30-day limitation period without serving the policy behind the revival exception, if that exception is viable as a matter of law, because the changes that have occurred have not sufficiently altered this litigation. Accordingly, remand is proper.

(Id. at 22-23.)

The next day, TVA filed an "emergency motion" to stay or, in the alternative, alter or amend. (Doc. No. 29.) After setting an expedited briefing schedule, the Court ordered the Clerk of Court to refrain from executing the remand until a response was filed and the Court ruled.[2] (See Doc. Nos. 31, 32, 32-1, 33, 33-1, 34.) Shortly after briefing was completed on this motion, TVA filed a Notice of Appeal of the Court's remand Memorandum Opinion and Order. (Doc. No. 39.)

A.  Rule 62

TVA's motion sought an order "confirming that execution of the remand Order is automatically stayed for fourteen days" because it is subject to Federal Rule of Civil Procedure 62(a). (Doc. No. 30 at 1.) In its response, the State does not contest that the remand order is covered by Rule 62(a). (Doc. No. 36 at 2.) The Court agrees that the remand order is appealable and was

---

[1] The Court assumes familiarity with the factual and procedural background underlying its decision on the motion to remand. (See Doc. No. 27 at 2-5.)

[2] The Court acted under the discretion given to it by Federal Rule of Civil Procedure 62(b) to stay execution or enforcement of the judgment pending disposition of certain motions, including a Rule 59 motion. See Charles Alan Wright, Arthur R. Miller, et al., 11 FED. PRAC. & PROC. CIV. § 2903 (3th ed. 2018).

2

subject to the 14-day automatic stay provision of Rule 62(a).[3] TVA appealed the remand Memorandum Opinion and Order within the 14-day stay period, and thus now seeks a further stay of execution of the remand under Rule 62(a) pending that appeal.[4] (Doc. No. 30 at 3.)

B.     TVA's Notice of Appeal and Authority of the Court

TVA filed its Notice of Appeal within the 14-day automatic stay of execution provided by Rule 62, but before the Court ruled on the instant motion to stay or, in the alternative, alter or amend the remand Order pursuant to Rule 59. Under Federal Rule of Appellate Procedure 4(a), when a party files a notice of appeal after the district court enters a judgment but before it disposes of a pending Rule 59 motion, the notice of appeal becomes effective only when the order disposing of the Rule 59 motion is entered. Fed. R. App. P. 4(a)(4)(B)(i). Stated differently, "the concept of 'effectiveness' . . . delay[s] the transfer of jurisdiction to the appellate court from an otherwise

---

[3] Rule 62(a) provides for an automatic stay of 14 days on "execution" or "proceedings . . . taken to enforce" a judgment, subject to carve outs for judgments on injunctions or receiverships and judgments that direct an accounting in an action for patent infringement. Fed. R. Civ. P. 62(a). Federal Rule of Civil Procedure 54(a) defines a "judgment" as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Remand orders on cases removed from state court are generally not reviewable on appeal. See 28 U.S.C. § 1447(d). However, 28 U.S.C § 1447(d) provides that where the case was originally "removed pursuant to section 1442 or 1443 of this title [the remand order] shall be reviewable by appeal or otherwise." Wood v. Crane Co., 764 F.3d 316, 320 (4th Cir. 2014) (holding that the district court's remand order was appealable "[b]ecause this case was originally removed pursuant to the federal officer removal statute," even where the remand order was based in part on the timeliness requirements of 28 U.S.C. § 1446). Because an order remanding a case originally removed from state court pursuant to 28 U.S.C. § 1442 is appealable, and a "judgment" is defined as "any order from which an appeal lies," it follows that an order remanding a case that had previously been removed under a claim of § 1442 removability is a "judgment" for purposes of the Federal Rules of Civil Procedure. See Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC, 1:16cv534(JCC/IDD), 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016); see also Humphries v. OneBeacon America Ins. Co., Civ. Action No. 13-5426, 2014 WL 1330034, at * 1 (E.D. La. Apr. 2, 2014) (finding "clear language" of § 1447(d) made order remanding case removed under § 1442 appealable).

[4] Due to the subsequent filing of the Notice of Appeal, certain prior disputes of the parties concerning eligibility for relief under provisions of Rule 62 need not be discussed.

timely filed notice of appeal until the relevant post-judgment motion is decided." Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ., 360 F.3d 604, 609 (6th Cir. 2004); see also Patterson v. Anderson, 586 F. App'x 657, 662 (6th Cir. 2014) (("[T]he timely filing of a motion listed in Rule 4(a)(4)(A) . . . has been held to suspend or render dormant a notice of appeal.").[5] Accordingly, this Court has jurisdiction to decide both the Rule 59 Motion and request for a stay pending appeal.[6]

C.  Request to Alter or Amend Under Rule 59

Under Rule 59, a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010); Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir.

---

[5] See also 16A FED. PRAC. & PROC. JURIS. §§ 3950.4 (4th ed. 2018) ("Until that order is entered, the notice of appeal is not effective, and until the notice of appeal is effective, the appellate court can exercise no jurisdiction over the case."); see also, e.g., Simmons v. Reliance Std. Life Ins. Co. of Tex., 310 F.3d 865, 868 (5th Cir. 2002) ("Because [the defendant] timely filed its motion for reconsideration, and the district [court] has not yet disposed of that motion, it seems clear that the district court's decision is not final. Therefore, we have no jurisdiction over this appeal.").

[6] The taking of TVA's appeal does not suspend the operation the Court's remand Order. 16A FED. PRAC. & PROC. JURIS. § 3954 (4th ed. 2018). Pursuant to Federal Rule of Appellate Procedure 8, "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). This Court retains authority to consider whether or not to issue a stay of its remand Order despite the filing of the Notice of Appeal. See Coleman v. Tollefson, 135 S. Ct. 1759, 1764 (2015) ("Unless a court issues a stay, a trial court's judgment . . . normally takes effect despite a pending appeal.") (citing Fed. R. Civ. P. 62; Fed. R. App. P. 8(a)); Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (recognizing that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 626-27 (6th Cir. 2014) (noting stay order is within the sound discretion of the district court) (citing Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977)); 14C FED. PRAC. & PROC. JURIS. § 3740 (4th ed. 2018) (recognizing that district courts can grant or deny a request for stay of a remand order).

2007); Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). However, a motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. Roger Miller Music, 477 F.3d at 395; see also Leisure Caviar, 616 F.3d at 616 (noting that a movant "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"). Critically, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Likewise, a Rule 59(e) motion "should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence." Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." Scotts Co. v. Cent. Garden & Pet Co., 403 F.3d 781, 788 (6th Cir. 2005) (citation and internal quotation marks omitted), abrogated on other grounds, Allied Indus. Scrap, Inc. v. OmniSource Corp., 776 F.3d 452 (6th Cir. 2015).

TVA moves for relief from the Court's remand Order only on the ground of manifest injustice.[7] (Doc. No. 30 at 15-16.) While the Sixth Circuit has not specifically defined manifest injustice, it has stated that "the plain meaning of those words is instructive." Volunteer Energy Servs. Inc. v. Option Energy, LLC, 579 F. App'x 319, 330-31 (6th Cir. 2014). Namely, "[m]anifest injustice is defined as '[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution

---

[7] The Court is not persuaded by the State's argument that TVA's request under Rule 59 was procedurally improper. The Rule 59 request was sufficiently included as an alternative basis in the instant motion, and the Sixth Circuit has a preference for resolution of motions on the merits. The Rule 59 request complies with the Federal Rules of Civil Procedure and relevant precedent because it was timely and states a purported ground for relief. See generally Intera Corp. v. Henderson, 428 F.3d 605, 611 (6th Cir. 2005).

5

rescinds.'" Bradley J. Delp Revocable Trust, 665 F. App'x at 530 (citing BLACK'S LAW DICTIONARY 982 (8th ed. 2004)). The Court of Appeals has further stated: "Of course, as the examples suggest, more than a clear error is required; injustice must also result." Volunteer Energy Services, Inc., 579 F. App'x at 331. The manifest injustice standard presents a party "with a high hurdle." Westerfield v. United States, 366 F. App'x 614, 620 (6th Cir. 2010).

TVA's manifest injustice argument is fundamentally flawed because TVA makes no real argument regarding "an error in the trial court that is direct, obvious, and observable." Adverse substantive rulings do not become "obvious errors" in the trial court simply because a party so hopes. To any extent TVA expects the Court to "read into" TVA's Rule 59 motion all of TVA's arguments concerning likelihood of success on the merits, the Court has addressed and rejected each argument on the revival exception. (Doc. No. 27.) TVA also simply and explicitly reiterates its "irreparable harm" arguments from the stay portion of this motion, discussed below in Section D. (See Doc. No. 30 at 15-16.) While it may be understandable that TVA would like to get a second bite at the apple regarding these arguments, aiming at Rule 59's manifest injustice "high hurdle" is not the appropriate means. TVA offers no persuasive precedent that equates its irreparable harm legal arguments to manifest injustice. In sum, by means of its reference to Rule 59, TVA does no more than impermissibly "reargue its case" against the remand and for a stay. Sault Ste. Marie Tribe of Chippewa Indians, 146 F.3d at 374. TVA's Rule 59 Motion is therefore denied.

D.      Merits of Request for Stay

Beyond seeking relief under Rule 59, TVA asks the Court to halt its remand Order under traditional legal principles governing stays. On this ground, however, TVA fares no better.

1. <u>Applicable Law</u>

"A stay is an intrusion into the ordinary processes of administration and judicial review." <u>Dodds v. United States Dep't of Educ.</u>, 845 F.3d 217, 220 (6th Cir. 2016) (citing <u>Nken v. Holder</u>, 556 U.S. 418, 435 (2009)).[8] A stay is not a matter of right, "even if irreparable injury might otherwise result." <u>Nken</u>, 556 U.S. at 433 (citing <u>Virginian R. Co. v. United States</u>, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" <u>Id</u>. (citing <u>Virginian R. Co.</u>, 272 U.S. at 672-673). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." <u>Id</u>. at 433-34 (citing <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997)). "Discretion is not whim." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 139 (2005). "[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" <u>Id</u>. (quoting <u>United States v. Burr</u>, 25 F. Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.)).

The Supreme Court has distilled the key legal principles regarding stays into consideration of four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

---

[8] In <u>Nken</u>, the most recent U.S. Supreme Court case discussing stays at length, the parties disagreed over what standard should be utilized in blocking a removal order while adjudicating a petition for the order's review. <u>Nken</u>, 556 U.S. at 425. After a lengthy discussion, the Court concluded that "traditional stay factors" govern a request for a stay pending that judicial review. <u>Id</u>. at 426.

Id. (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also Ohio St. Conference of N.A.A.C.P. v. Husted, 769 F.3d 385, 387 (6th Cir. 2014).[9] Although these factors are "interrelated considerations that must be balanced," In re EPA, 803 F.3d 804, 806 (6th Cir. 2015), vacated on other grounds by In re United States Dep't of Def., 713 F. App'x 489 (6th Cir. 2018), "[t]he first two factors of the traditional standard are the most critical." Nken, 556 U.S. at 434.

As to the first factor, according to the Supreme Court, it is not enough that the chance of success on the merits be "better than negligible," and "[m]ore than a mere possibility of relief is required." Nken, 556 U.S. at 435 (citations and internal quotation marks omitted). To demonstrate a strong likelihood of success on the merits, a party must show not the bare possibility of success that exists in any case but, "at a minimum, serious questions going to the merits." Dodds, 845 F.3d at 221 (citing Mich. Coal. of Radioactive Mat. Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)); see also PGP, LLC, v. TPII, LLC, Case No. 17-6221, ---F. App'x ---, 2018 WL 2446702, at *3 (6th Cir. May 31, 2018) (in preliminary injunction case, rejecting likelihood of success on the merits argument because "while it is *possible* that [plaintiff] will ultimately prevail on this theory before the district court, [plaintiff] has not demonstrated that it is *probable* that it will succeed on the merits) (emphasis in original) (citing Mason Cty. Med. Ass'n v. Knebel, 563 F.2d 261 n.4 (6th Cir. 1977) (noting the "unfortunate" prior use of the terminology that there must be a "possibility" of success on the merits and stating that "plaintiffs must demonstrate a strong or substantial likelihood" of success)).

---

[9] There is substantial overlap between these and the factors governing preliminary injunctions. Nken, 556 U.S. at 428; Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "Both can have the practical effect of preventing some action before the legality of that action has been conclusively determined. But a stay achieves this result by temporarily suspending the source of authority to act – the order or judgment in question – not by directing an actor's conduct." Nken, 556 U.S. at 428-29.

By the same token, simply showing some "possibility of irreparable injury" fails to satisfy the second factor. Nken, 556 U.S. at 435 (citing Winter, 555 U.S. at 22). In evaluating the harm that will occur depending upon whether or not the stay is granted, courts look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. Griepentrog, 945 F.2d at 154 (citations omitted). In evaluating the degree of injury, it is important to remember that "[t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Sampson v. Murray, 415 U.S. 61, 90 (1974) (emphasis added) (quoting Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)). In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. Griepentrog, 945 F.2d at 154 (citing Wisconsin Gas Co. v. Fed. Energy Reg. Comm'n, 758 F.2d 669, 674 (D.C. Cir. 1985)). In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.[10] Id.

Finally, the third and fourth factors – the harm to the opposing party and weighing the public interest – merge when the government is the opposing party. Nken, 556 U.S. at 435.

2. Application to Request for Stay of Remand Order

First, TVA has not demonstrated a strong likelihood of success on the merits. TVA's argument on this prong of the test consists of four parts: (1) some courts have recognized the

---

[10] "When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other." Id. at 438 (concurring) (citing Curry v. Baker, 479 U.S. 1301, 1302 (1986) (Powell, J., in chambers) ("It is no doubt true that, absent [a stay], the applicant here will suffer irreparable injury. This fact alone is not sufficient to justify a stay."); Ruckelshaus v. Monsanto Co., 463 U.S. 1315, 1317 (Blackmun, J., in chambers) ("[L]ikelihood of success on the merits need not be considered . . . if the applicant fails to show irreparable injury from the denial of the stay.").

revival exception, (2) TVA has a "good-faith" argument for application of the exception; (3) the Sixth Circuit might recognize the revival exception, and (4) if it does, "TVA will prevail on appeal." (Doc. No. 30 at 8.) As an initial matter, TVA's "good-faith" belief regarding the valor of its position is of little assistance in this analysis; every litigant thinks it is right. Next, it is true that some courts have recognized the revival exception – the Court discussed the exception at length in its remand Memorandum Opinion, but concluded that the exception was of questionable validity in the face of the plain language of the removal statutes. TVA has offered no new argument on this point in its motion to stay brief, instead citing the very few cases it relied on in its original briefing. It is also true that at some unknown point in time the Sixth Circuit might join the minority of circuit courts in recognizing the revival exception. But neither of these points indicates any strong likelihood of *TVA's success*.

The Court detailed at great length in its remand Memorandum Opinion why (a) obtaining the revival exception was a "Herculean accomplishment" and (b) TVA was not entitled to the revival exception on both (1) the substance of the Amended Complaint and (2) the underlying policy. TVA has made *no* attempt to address, let alone refute the Court's analysis.[11] The Court's opinion ordering remand was written after careful consideration of the parties' briefing of the issues and a thorough review of the relevant precedent. See, e.g., Consumer Fin. Prot. Bureau v. Harbour Portfolio Advisors, LLC, Case No. 16-14183, 2017 WL 5892227, at *2 (E.D. Mich. Mar. 14, 2017) (finding respondents had not raised a meaningful challenge to the court's application of

---

[11] The Court also notes that TVA uses a variety of other concepts in its likelihood of success argument, none of which actually addresses TVA's likelihood of success. TVA invokes "issues of first impression," "the fringe of existing jurisprudence," a "number of complex questions and novel legal theories," and the "interpretation of federal statutes." (Doc. No. 30 at 8-9.) These are not the appropriate legal standards for likelihood of success on the merits – if they were, the number of stayed cases would be astounding.

the applicable legal standard where they merely argued that one could reasonably contest the court's conclusion, and denying stay based upon failure to raise serious questions going to the merits); Osborn v. Griffin, Civil Action Nos. 2011-89 (WOB-CJS), 2013-32 (WOB-CJS), 2016 WL 7888037, at *1 (E.D. Ky. Nov. 2, 2016) (denying stay pending appeal where defendants focused "their brief on the assertion that they will prevail on appeal, [and] their legal arguments in support of that proposition [we]re the same that th[e] [c]ourt has previously rejected"). Furthermore, the Court disagrees with TVA's fundamental assumption that, if our Court of Appeals were to adopt and "apply" the exception, TVA would prevail. (Doc. No. 30 at 8.) Because TVA has not established a strong likelihood of success on the merits of its appeal, this factor weighs against a stay.

Second, TVA has not established irreparable injury absent a stay. Citing a number of cases brought under the Class Action Fairness Act,[12] TVA argues that, without a stay, it will suffer irreparable harm because litigation of this case would proceed in Chancery Court at the same time that TVA pursues its appeal before the Sixth Circuit, thereby rendering the right to appeal "hollow." (Doc. No. 30 at 10-12.) TVA is not alleging that some prior harm will recur. Rather, it is asserting that it will have to bear the expense and effort of additional state court litigation. These mere injuries in terms of energy, effort, money, etc., are simply not irreparable harms. See Capital One Bank (USA) N.A. v. Jones, 710 F. Supp. 2d 634, 636 (N.D. Ohio 2010) ("[Counterclaim-

---

[12] The CAFA cases cited by TVA are largely distinguishable because the underlying issue was subject matter jurisdiction (i.e., the right to remove), not, as here, the timeliness of removal where a party clearly had the original right to remove. In those cases, the courts were asked to reopen the case and stay a remand pending appeal. Some courts (cited by TVA) have done so, while others have not, see, e.g., In re Oxycontin Antitrust Litig., No. 08 Civ. 3380, 2011 WL 4801360 (S.D.N.Y. Oct. 6, 2011); Migis v. AutoZone, Inc., No. Civ. 08-1394, 2009 WL 690627 (D. Ore. Mar. 6, 2009). Moreover, CAFA provides for a very expedited appeal not available in this case. Accordingly, CAFA cases do not implicate the delays, prejudices, and harms to the opposing party discussed herein.

11

Defendant] argues that if the Sixth Circuit were to reverse, its efforts to litigate the case in state court would be wasted. But that potential injury is *not* irreparable.") (emphasis added); Albury v. Daymar Colleges Grp., LLC, Nos. 3:11CV-157-R, 5:11CV-36-R, 2012 WL 1190894, at *3 (W.D. Ky. Apr. 6, 2012) (holding that the squandering of resources on invalidated motion practice and orders pending appeal are "harms of the exact type" that are "*not . . . cognizable as irreparable harm*") (emphasis in original). Moreover, while the parties will likely need to conduct additional discovery and re-set a trial date, the ongoing "litigation" harm TVA alleges is primarily speculative, as no one can predict the precise future contours of this litigation in state court. See, e.g., Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., No. 04 Civ. 4991(RJH), 2004 WL 2734562, at *3 (S.D.N.Y. 2004) (finding movant's "contention that any state proceedings that occur could be potentially duplicative, mooted or otherwise wasteful if the [appeals court] rules in their favor" to be "simply too speculative").

TVA also overstates its potential burden on remand. This action was litigated for two and one-half years prior to TVA's belated removal, including the majority of discovery and extensive motion practice incorporating TVA's dispositive motions. The parties were preparing for supplemental discovery on the eve of removal. In other words, this is not a case in its early days. Furthermore, because this is a state law case no matter where it proceeds, TVA is not "losing" any benefit under federal law by being obligated to litigate in state court. In sum, the Court concludes that ongoing proceedings in state court during the pendency of an appeal will not irreparably harm TVA or make its appeal right "hollow." This factor therefore also weighs against a stay.

Finally, the Court considers harm to the State and protection of the public interest together because the government is the defendant. TVA argues that the State will not be harmed because (1) there will only be a "short delay" on appeal and (2) the remedy sought by the State has already

been ordered by this Court in a related federal action, Tenn. Clean Water Network v. TVA, 273 F. Supp. 3d 775 (M.D. Tenn. Aug. 4, 2017). (Doc. No. 30 at 13-14.) The Court is not persuaded by either of these points. As to the first point, any further delay prejudices the State. This case has been pending for over three years. The Court agrees with the State that the case involves time-sensitive data and expert work, and that there is additional evidence that the parties need to put on the record (and were preparing to do so via deposition when TVA removed the case). Additional delay would thus potentially prejudice the State's evidentiary case. Moreover, with all due respect, it is impossible to predict how long the Court of Appeals may take to resolve this matter. See Phoenix Global Ventures, LLC, 2004 WL 2734562, at *3 ("Granting removing defendants a stay based solely on the possibility that the [appeals court] might decide the appeal quickly would remove the heavy burden placed on the moving party in justifying a stay by eliminating the rigor of the four-factor analysis."). A stay would simply not serve the public interest in removing obstacles to progress in this long-running case. See, e.g., McGirr v. Rehme, No. 17-3519, --- F. App'x ---, 2018 WL 2437184, at *9 (6th Cir. May 31, 2018) (discussing generally the institutional interests in conserving judicial resources and resolving litigation that has long been "lumbering" through state and federal courts). As to the second point, the pending federal action does not resolve the concerns of the State as reflected in the Amended Complaint. TVA is appealing the relief granted in the federal case.[13] And beyond that uncertainty, the federal case excluded certain state claims covered by the pending state action.

In regard to the public interest, the Court looks to how the remand will affect the people of Tennessee. But TVA's only argument that a stay serves the public interest is that it would be

---

[13] Oral argument has been set for August and it is unknown when the Court of Appeals may issue a decision.

efficient to keep both the state and federal actions in federal court because they have complicated procedural histories. (Id. at 14.) TVA does not explain why the state court cannot aptly grapple with a complicated case, nor cite to any binding authority for the anti-complicatedness public policy upon which it seemingly relies. In addition, because more discovery will likely be required in this case no matter what forum this case is in, the grant of a stay would "complicate" matters just as much, if not more, than the advancement of the case in state court. See, e.g., Smith v. Am. Bankers Ins. Co. of Fla., Co., 2:11-cv-02113, 2011 WL 6399526, at *2 (W.D. Ark., Dec. 21, 2011) (noting that delaying any inevitable "required discovery" during appellate review would be "counter-productive"). And given that much of the complicated motion practice in the state proceeding has already occurred, there is little danger of inefficient proceedings.

Most importantly, however, the Court is of the opinion that the people of Tennessee, represented by the State and Citizens Groups, have a strong public policy interest in the advancement of this litigation in state court after such long delays. This is an environmental enforcement action seeking to preserve, protect, and improve the environment, land, and waterways of Tennessee on behalf of its citizens. See, e.g., Tenn. Code Ann. § 69-3-102(a) (under the Tennessee Water Quality Control Act, "[r]ecognizing that the waters of Tennessee are the property of the state and are held in public trust for the use of the people of the state, it is declared to be the public policy of Tennessee that the people of Tennessee, as beneficiaries of this trust, have a right to unpolluted waters" and that "the government of Tennessee has an obligation to take all prudent steps to secure, protect, and preserve this right"); Tenn. Code Ann. § 69-3-102(b) ("It is further declared that the purpose . . . is to abate existing pollution of the waters of Tennessee, to reclaim polluted waters, to prevent the future pollution of the waters, and to plan for the future use of the waters so that the water resources of Tennessee might be used and enjoyed to the fullest

extent consistent with the maintenance of unpolluted waters."); see also, e.g., Concerned Pastors for Social Action v. Khouri, 844 F.3d 546, 550 (6th Cir. 2016) (identifying clean water as an "important public interest"); Griepentrog, 945 F.2d at 154 (holding the public interest "lies heavily in providing safe and environmentally sound management, storage, and disposal of [radioactive] waste" and "the public interests in the development of long-term [waste] disposal sites is controlling"). TVA has articulated *no* reason why the State's compelling public interest to enforce its environment regulatory scheme at TVA's Gallatin Plant should be subjected to TVA's desire to "wait and see" what happens with its reaching revival exception arguments. Accordingly, the third and fourth factors also weigh against a stay.

On balance, the Court finds that TVA has failed to meet its "heavy burden of demonstrating that a stay is warranted. While [TVA] did assert some problems [it] identif[ies] in the district court's legal conclusions, [the Court] . . . cannot say that [TVA] ha[s] carried [its] burden to make a "*strong* showing that it is likely to succeed on the merits." Husted, 769 F.3d at 389 (citing Nken, 556 U.S. at 434) (emphasis in original). "Moreover, [TVA] did not carry [its] burden to demonstrate that [it] will suffer more than a mere 'possibility' of irreparable harm." Id. (denying stay where defendant had articulated a general concern that failure to stay would harm administration of the laws and would require additional time and money, but did not argue that it was unequipped financially or organizationally to implement the order at issue). "In contrast, [the State and Citizens Groups] have demonstrated that they and the public will likely suffer significant harm if the stay is granted." Id.

E.  Conclusion

For the foregoing reasons, TVA's "emergency motion" for a stay and, in the alternative, to alter or amend the remand Order under Rule 59 (Doc. No. 29) will be denied in its entirety. The

Clerk of Court will be directed to proceed to remand this case in accordance with the Court's May 14, 2018 Order (Doc. No. 27). The Clerk of Court will also be directed to forward a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit in connection with Court of Appeals Case Number 18-5596.

    An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE